*582 Opinion by
Mr. Justice Hall.
The parties appear here in reverse order to their appearance in the trial court. We refer to them as they there appeared, as plaintiff, or Betty, and defendant, or Wayne.
On May 23, 1962, Betty was granted an uncontested decree of divorce from Wayne. On January 28, 1963, the court entered an order or judgment providing for the custody of two minor children of the parties, support thereof, alimony, court costs, attorney fees and a division of property.
Wayne is here by writ of error seeking reversal of that part of the judgment which provides for support payments and a division of property.
At the time hearing was had on the foregoing matters Wayne was employed as a schoolteacher and had take-home pay of $392.71 per month for each month during the year. During some summers he had earned about $550.00 additional. According to his own testimony he had cash of $3,422.15 and a 1960 Rambler automobile on which he placed a valuation of $700.00. He and Betty also owned as joint tenants the family home, valued at about $18,000.00, subject to a mortgage of about $12,-000.00, which mortgage called for payments of $108.00 per month; the joint equity in the home being about $6,000.00.
Betty, at the time of the hearing, was employed as a part-time teacher, earning $100.00 per month, she was receiving dividends of $95.00 per month from stocks inherited from her parents, she was then, and for a few months immediately previous thereto had been, receiving from a former husband $180.00 per month for the support of a twelve year old son born of the previous marriage. The former husband was obligated by court order to pay only $40.00 per month; the other $140.00 per month was entirely voluntary and could terminate at any time.
*583 Betty, in addition to her interest in the home, owned an automobile valued at $500.00 and stocks, inherited from her parents during the marriage, valued at $34,000.00.
During the marriage Wayne had inherited from his parents property valued at about $18,000.00, and apparently most of that had been spent for his automobile, family living expenses, and expense of seeking to be elected to the legislature.
The trial court ordered Wayne to pay for the support of the two minor children the sum of $108.00 per month (this being the exact amount of the monthly house payment) ; to deed to Betty his interest in the family home, she to be answerable for the indebtedness against the same; to carry sufficient insurance and so payable as to take care of the balance due on the home mortgage in the event of his death, and to maintain all hospitalization insurance for the benefit of the minor children. Betty was awarded no alimony, costs or attorney fees. They were permitted to retain ownership of their respective properties.
At the time the home was purchased, Betty contributed $2,000.00 of her money, money which she had received from the sale of a house awarded to her in settlement of her previous marital difficulties. Wayne contributed $500.00 of his money on the purchase price of the home. After acquiring the home Betty paid about $1,000.00 and Wayne paid about $800.00 for improvements on the home.
The trial court, during the trial and prior to the entry of judgment, speaking of Betty’s inheritance from her father, stated:
“THE COURT: I might as well indicate that which she had at the time of her marriage [$2,000.00] or got by gift or inheritance, by statute, is wife’s sole and separate property. I think you can consider it only for the purpose or fact that it does endow her with some means *584 and be a guide to the Court in what allowances should be made for additional support.”
Presumably, the statute referred to is C.R.S. ’53, 90-2-1, which provides:
“The property, real and personal, which any woman in this state may own at the time of her marriage, and the rents, issues, profits and proceeds thereof, and any real, personal or mixed property which shall come to her by descent, devise or bequest, or the gift of any person except her husband, including presents or gifts from her husband, as jewelry, silver, table ware, watches, money and wearing apparel, shall remain her sole and separate property, notwithstanding her marriage, and not be the subject to the disposal of her husband, or liable for his debts.”
Counsel here urge that the judgment of the trial court should be reversed because:
(1) “The statute to which the court refers * * * has nothing to do with this case.”
(2) “The court abused his discretion and impoverished the defendant.”
Whether the statute in question has or has not anything to do with the case is quite immaterial and beside the point. The sole question is: DID THE COURT, IN VIEW OF ALL THE EVIDENCE, THE CIRCUMSTANCES AND GOVERNING PRINCIPLES OF LAW, COMMON, CASE OR STATUTORY, ABUSE ITS DISCRETION IN ENTERING THE JUDGMENT?
The net effect of the judgment is to leave each party owning that which had been inherited, and the giving to Betty about $3,000.00 of property which Wayne owned as a joint tenant, to the acquisition and improvement of which he had contributed only $1,300.00.
Wayne was absolved from payment of alimony, court costs, and attorney fees. The award to Betty of the small equity of Wayne in the family home and permitting her to retain her inherited property cannot be held as serving to impoverish Wayne.
*585 •We are unimpressed with the contention that the order of the trial court reflects an abuse of discretion. The judgment is affirmed.
Mr. Chief Justice McWilliams and Mr. Justice Frantz concur.